IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JIM MIKEL #39790-180 | § | |
| | § | |
| V. | § | A-09-CA-261-SS |
| | § | |
| USA, ATTORNEY GENERAL, | § | |
| DR. BUCHOLTZ, DENTIST AT FCI | § | |
| BASTROP, and OTHER STAFF | § | |
| WEARING BADGES THAT | § | |
| HAVE LIGHTS | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To: The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his civil complaint, Plaintiff was confined in FCI Bastrop. Plaintiff alleges: (1) Dr. Bucholtz has used a chemical spray on Plaintiff without his consent; (2) the dentist used a chemical spray, sexually abused him, and used red light technology; (3) other staff wear badges with red lights; (4) the Government used chemicals on Plaintiff with food specifically made in "D.C.;" and (5) he is subjected to cruel and unusual punishment. Plaintiff further alleges:

1

> Specifically, various members of the Armed forces of the US Government, including Mr. Porta (posing as an inmate), have used some type of heart monitoring device on me, as well as all people listed on previous page have know [sic] about chemical and "light" technology used on inmates without their consent. The velocity of light is 3.1 x 10 [to the 10th power] cm/sec. A Beam of light conveys information and is absorbed through the eye to the brain more than any other organ. Red light effects tumors to grow faster, therefore killing cancer victims faster. It also carries mercury through the air into the Body. The fluorescent lights leak mercury, and the "red light" technology makes the mercury absorb into the human body. This is killing people. The other chemicals are also harming people.

Plaintiff requests the Court to vacate his sentence. Plaintiff also requests the Court to assist him with a letter to the Fifth Circuit Court of Appeals with regard to mercury testing across the United States and a law he wrote, the Federal Inmate Release Act of 2009.

DISCUSSION AND ANALYSIS

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

A court may dismiss a claim as factually frivolous only if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Hicks v. Garner,

69 F.3d 22, 25 (5th Cir. 1995). Plaintiff's claims fall within this category, and his complaint should be dismissed as frivolous.

Moreover, the Court notes Plaintiff's claims against the United States are barred by sovereign immunity. The law is clear that Plaintiff's claims for alleged constitutional violations against the United States or the Bureau of Prisons are barred by the doctrine of sovereign immunity. Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 71-72, 122 S. Ct. 515, (2001); FDIC v. Meyer, 510 U.S. 471, 486, 114 S. Ct. 996 (1994) (finding there is no direct cause of action for damages against a federal agency because of sovereign immunity).

Additionally, Plaintiff admits on the face of his complaint that he did not exhaust his administrative remedies prior to filing suit. Although exhaustion is normally an affirmative defense, see Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910 (2007), the Fifth Circuit has held that affirmative defenses may be raised sua sponte when they are "clear from the face of the complaint." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Stanley v. Foster, 464 F.3d 565, 568 (5th Cir. 2006). In this case, Plaintiff's pleadings make clear that he did not exhaust his administrative remedies.

Finally, to the extent Plaintiff seeks to vacate his sentence he must do so in his criminal case in a motion to vacate his sentence. The Court's records reflect Plaintiff currently has pending such a motion in Cause No. A-04-CR-071-SS.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in

3

(a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of April, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE